IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| VICTOR JAN MORRISON, #358-798, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-15-2972 |
| RICHARD GRAHAM, JR., et al., | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Victor Jan Morrison, a prisoner housed at the Western Correctional Institution, filed a motion seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 on September 30, 2015. Pet., ECF No. 1. Morrison claims that his trial counsel provided ineffective assistance by failing to communicate the Sate's plea offers and ensure that he understood them. *Id.* at 9–10; Pet'r's Resp. 2, 4, ECF No. 8. After reviewing the parties' submissions, I find no need for an evidentiary hearing. *See* Loc. R. 105(6); 28 U.S.C. § 2254(e)(2). For the reasons set forth herein, the petition shall be dismissed and a certificate of appealability shall not be issued.

### Procedural and Factual History

On July 19, 2009, Morrison turned himself in to the authorities for a robbery that occurred at a Wachovia Bank in Ellicott City, Maryland the previous day. Md. Ct. Spec. App. Op. 1–2, ECF No. 5-2. Morrison was subsequently charged in the Circuit Court for Howard County with robbery, second-degree assault, and theft. Cir. Ct. Howard Cnty., Md. Docket 3,

ECF No. 5-1.[1] Following a court order for a competency evaluation, Morrison was found competent and ultimately criminally responsible. *Id.* at 5–6; Competency Hr'g Tr. 4:21–5:5, ECF No. 7-1. A jury convicted Morrison of robbery and theft of over $500. Cir. Ct. Howard Cnty. Docket 2–3. Morrison was sentenced to twenty-five years in prison. Answer 4, ECF No. 7.

Morrison appealed, and on March 28, 2011, the Maryland Court of Special Appeals affirmed the conviction. Md. Ct. Spec. App. Op. 6. Morrison did not seek further review in the Maryland Court of Appeals, and, thus, his judgment became final on April 12, 2011, when the time for seeking such review expired. Answer 5; *see also* Md. Rule 8-302.

Shortly thereafter, Morrison filed a petition for post-conviction relief in the Circuit Court for Howard County claiming, among other things, that his trial counsel was ineffective for failing to communicate the Sate's plea offers to him and ensure that he understood them. Pet. Post-Conviction Relief 5, ECF No. 7-6; Cir. Ct. Howard Cnty. Docket 9. Following a hearing, the Circuit Court issued a decision on April 2, 2014 granting Morrison a belated panel review of his sentence before a three-judge panel, but otherwise denying post-conviction relief. Post-Conviction Mem. Op. 16, ECF No. 7-7.

Morrison filed an application for leave to appeal the denial of his ineffective of counsel claim. Appl. Leave Appeal, ECF No. 7-8. On February 15, 2015, the Court of Special Appeals denied Morrison's application and issued a mandate the following month. Md. Ct. Spec. App. Mandate, ECF No. 5-3.

---

[1] Page numbers for citation to the Circuit Court for Howard Count Docket refer to the CM/ECF page numbers.

As best as I can discern, Morrison's request for habeas relief reasserts his claim that that trial counsel was ineffective for failing to communicate the plea offers to him. Pet. 9–10; Pet'r's Resp. 2, 4. For the reasons discussed below, Morrison is not entitled to relief.

## Threshold Considerations

I previously determined that the petition was filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). ECF No. 6. Further, Morrison no longer has any state direct review available to him with respect to the claim presented. *See* Answer 8. Thus, his claims are exhausted for the purpose of federal habeas corpus review. *See* 28 U.S.C. § 2254(c).

## Standard of Review

Morrison's ineffective assistance of counsel claim will be analyzed under the statutory framework of the federal habeas statute, 28 U.S.C. § 2254, which sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005). The standard is "difficult to meet," *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)), and requires courts to "give state-court decisions the benefit of the doubt," *id.* (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court

on a question of law," or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams*, 529 U.S. at 411). "Rather, that application must be 'objectively unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409).

Further, under § 2254(d)(2) "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id.* (internal quotation marks and citation omitted). The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th

Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.* at 379.

## Discussion

When a petitioner alleges an ineffective assistance of counsel claim, he must show both (1) "that counsel's performance was deficient"; and (2) that "the deficient performance prejudiced his defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id.* at 696. "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,' and the burden to 'show that counsel's performance was deficient' rests squarely on the petitioner. *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 687, 690).

A showing of prejudice requires that (1) "counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 687, 694–95. "The benchmark [of an ineffective assistance claim] must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. A court need not address both *Strickland* prongs if the defendant furnishes sufficient evidence regarding one prong to defeat the claim. 466 U.S. at 697.

The Supreme Court has held that the *Strickland* standard applies in the context of plea bargaining. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384–85 (2012); *Padilla v. Kentucky*, 559

U.S. 356, 373 (2009); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also McMann v. Richardson*, 397 U.S. 759, 771 (1970). In order to establish deficient performance in this context, a petitioner must show that counsel's representation fell below an objective standard of reasonableness with respect to plea negotiations. *Lafler*, 132 S. Ct. at 1384. In *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the Court further emphasized that defining "the duty and responsibilities of defense counsel in the plea bargain process" is "a difficult question" because "[b]argaining is, by its nature, defined to a substantial degree by personal style" and [t]he alternative courses and tactics in negotiation are so individual that it may be neither prudent nor practicable to try to elaborate or define detailed standards for the proper discharge of defense counsel's participation in the process." *Id.* at 1408. But the Court did announce a "general rule" that defense counsel must "communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.*

At the post-conviction hearing, Morrison testified that his trial counsel, Mary Pizzo verbally communicated a plea offer of a ten-year sentence. Post-Conviction Hr'g Tr. 10:8–13, ECF No. 12-1. He further testified that he did not immediately accept the plea deal because he had additional questions about the details of the offer and because he wished to see the deal in writing, as he had when accepting plea deals in prior cases. *Id.* 11:1–16. When, according to Morrison, he received no answers to his questions or a written copy of the plea agreement, he assumed that the trial judge had rejected the plea agreement and that he had no choice but to proceed to trial. *Id.* 11:14–12:1. By contrast, Pizzo testified that she presented Morrison with a written plea offer of a fifteen-year sentence with all but nine years suspended and also communicated an oral commitment from the prosecuting attorney that the State would be amenable to a flat ten-year sentence. *Id.* at 56:17–57:2, 60:8–61:17; *see also* Post-Conviction Mem. Op. 17 n.5 (noting that the written plea offer was admitted into evidence at the post-conviction hearing). Pizzo further testified that Morrison was "fairly noncommunicative"

when she discussed the plea offers with him and "didn't give [her] feedback," which led her to file a notice of possible incompetency with the trial court. Post-Conviction Hr'g Tr. 62:4–16. Morrison was found competent. *Id.* at 62:17–22; Competency Hr'g Tr. 4:21–5:5. Pizzo testified that between the competency evaluation and the trial she met repeatedly with Morrison and urged him to accept the plea in view of what she deemed to be a strong case against him. *Id.* at 54:1–55:4, 63:13–21, 65:18–66:23, 68:24–69:19, 70:25–71:9. But she recalled no instance in which Morrisson definitively expressed a desire to accept a plea or to obtain the State's ten-year offer in writing. *Id.* at 71:20–72:10, 75:4–12. Rather, her recollection was that Morrison, though "ambivalent" about whether to accept a plea or proceed to trial, "finally just said he wanted a trial." *Id.* 69:11–19.

Because Morrison and Rizzo offered divergent accounts of their plea offers discussions, Morrison's ineffective assistance of counsel claim largely turns on a credibility assessment of these two witnesses. The state post-conviction court squarely rejected Morrison's claim that trial counsel was ineffective for her communication with Morrison regarding plea negotiations. The post-conviction court deemed the trial counsel's testimony "credible" and found that she had "fully discussed the State's plea offers [with] the Petitioner at least three times prior to the motions hearing and prior to the jury trial." Post-Conviction Mem. Op. 10–11. The court further found that Morrison "knowingly refused to accept the State's plea offer" and that "it was not incompetent legal advice, but [Morrison's] own independent decision, that lead [sic] to the rejection of the State's offer and the sentence later imposed by the Court." *Id.* Because the state post-conviction court "conducted an evidentiary hearing and explained its reasoning with some care," Morrison has failed to meet his burden under 28 § 2254(e)(1) of establishing "clear and convincing evidence" that the post-conviction court's factual determinations were incorrect. *See Sharpe*, 593 F.3d at 378.

Accepting as true state trial court's factual determinations, this case does not run afoul of the standards enunciated in *Lafler* or *Frye*. Trial counsel testified that she notified Morrison of the terms of the State's plea offer and counseled Morrison on his options with respect to electing a plea or to stand trial. Post-Conviction Mem. Op. 9. And the post-conviction court concluded that Morrison made a knowing and voluntary decision to reject the State's plea offer. *Id.* at 10. The court's determination that Morrison did not receive ineffective assistance of counsel was therefore a reasonable application of *Strickland* and its progeny. Thus, Morrison has provided no basis for relief under 28 U.S.C. § 2254(d).

## Conclusion

The instant petition for habeas corpus relief will be denied and this case dismissed by a separate order. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-el v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Morrison does not satisfy this standard, and I decline to issue a certificate of appealability.

A separate order follows.

09/21/16
Date

Paul W. Grimm
United States District Judge